UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO C., <br><br>                              Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>                              Defendant. | Case No.:  20cv2092-RBB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 14]; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT [ECF NO. 15]; AND REMANDING CASE FOR FURTHER PROCEEDINGS** |

On October 23, 2020, Plaintiff Francisco C.[1] commenced this action against Defendant Andrew Saul, Commissioner of Social Security, for judicial review under 42 U.S.C. § 405(g) of a final adverse decision for supplemental security income benefits

---

[1] The Court refers to Plaintiff using only his first name and last initial pursuant to the Court's Civil Local Rules.  See S.D. Cal. Civ. R. 7.1(e)(6)(b).

1

[ECF No. 1].² Plaintiff consented to have this Court conduct all proceedings in this case on October 29, 2020 [ECF No. 7].³ Defendant filed the Administrative Record on June 2, 2021 [ECF No. 12]. On July 6, 2021, Plaintiff filed a Motion for Summary Judgment [ECF No. 14]. Defendant filed a Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment on August 5, 2021 [ECF No. 15]. Plaintiff's Reply was filed on August 6, 2021 [ECF No. 16].

For the following reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**; Defendant's Cross-Motion for Summary Judgment is **DENIED**; and the case is **REMANDED** for further proceedings.

## I. BACKGROUND

Plaintiff Francisco C. was born in 1972 and previously worked as a pipe fitter from 1994 to 2006 and 2011 to 2013. (Admin. R. 204, 274, ECF No. 12.)⁴ Plaintiff underwent multiple surgeries after sustaining a work injury to his left hand around 2004 or 2006, including grafting in his left ring finger, surgery on his left thumb, and bilateral carpal tunnel surgeries. (Id. at 277, 318.) On or about September 26, 2018, Plaintiff filed an application for supplemental security income benefits under Title XVI of the Social Security Act. (Id. at 98, 204-12.)⁵ He alleged that he had been disabled since December 31, 2011, due to degenerative disc disease, arthritis, and carpal tunnel syndrome. (Id. at

---

² Kilolo Kijakazi is now the Acting Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).
³ The United States has informed the Court of its general consent to Magistrate Judge jurisdiction in cases of this nature.
⁴ The administrative record is filed on the Court's docket as multiple attachments. The Court will cite to the administrative record using the page references contained on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court cites to the page numbers affixed by CM/ECF.
⁵ Francisco C. previously filed an application for disability benefits on February 24, 2014, in which he alleged that he had been disabled since November 10, 2011. (Admin. R. 80, ECF No. 12.) On December 1, 2016, Administrative Law Judge Robin L. Henrie found that Plaintiff was not disabled from November 10, 2011, through March 31, 2015, the date last insured. (Id. at 91-92.)

238.)[6] Francisco C.'s application was denied on initial review and again on reconsideration. (Id. at 132-36, 141-46.) An administrative hearing was conducted by telephone on April 2, 2020, by Administrative Law Judge ("ALJ") James Delphey. (Id. at 36.) On June 3, 2020, the ALJ issued a decision and concluded that Francisco C. was not disabled. (Id. at 20-31.) Plaintiff requested a review of the ALJ's decision; the Appeals Council denied the request on September 24, 2020. (Id. at 1-3.) He then commenced this action pursuant to 42 U.S.C. § 405(g).

## II.   LEGAL STANDARDS

Sections 405(g) and 421(d) of the Social Security Act allow unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C.A. § 405(g), 421(d) (West 2011). The scope of judicial review is limited, however, and the denial of benefits "'will be disturbed only if it is not supported by substantial evidence or is based on legal error.'" Brawner v. Sec'y of Health & Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)); see also Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). Substantial evidence means "'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); see also Biestek v. Berryhill, ___U.S. ____, ____, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The court must consider the entire record, including the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). If the evidence supports more than one rational interpretation,

---

[6] During the administrative hearing, Plaintiff amended the onset date to the application date of September 26, 2018. (Admin. R. 44-45, 244, ECF No. 12.)

the court must uphold the ALJ's decision. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020).  The district court may affirm, modify, or reverse the Commissioner's decision. 42 U.S.C.A. § 405(g).  The matter may also be remanded to the Social Security Administration for further proceedings. Id.

To qualify for disability benefits under the Social Security Act, a claimant must show two things:  (1) The applicant suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of twelve months or more, and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C.A. § 423(d)(1)(A), (2)(A) (West 2011).  An applicant must meet both requirements to be classified as "disabled." Id.  The applicant bears the burden of proving he or she was either permanently disabled or subject to a condition which became so severe as to disable the applicant prior to the date upon which his or her disability insured status expired. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

In supplemental security income cases, the Commissioner makes this assessment by employing a five-step analysis outlined in 20 C.F.R. § 416.920.  See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999) (describing five steps).  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled.  20 C.F.R. § 416.920(b) (2019).  Second, the Commissioner determines whether the claimant has a "severe impairment or combination of impairments" that significantly limits the claimant's physical or mental ability to do basic work activities.  If not, the claimant is not disabled. Id. § 416.920(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. Id. § 416.920(d).  If not, the

claimant's residual functional capacity is assessed and the evaluation proceeds to step four. Id. § 416.920(e). Fourth, the Commissioner determines whether the claimant can do his or her past relevant work. If the claimant can do their past work, benefits are denied. Id. § 416.920(f). If the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Id. § 416.920(g). If the Commissioner meets this burden and proves that the claimant is able to perform other work that exists in the national economy, benefits are denied. Id.

### III.   DISCUSSION

**A.   ALJ's Decision**

In his decision, ALJ Delphey employed the five-step sequential analysis set forth in 20 C.F.R. § 416.920. The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 26, 2018, his amended onset date (step one). (Admin. R. 22, ECF No. 12.) He concluded that Francisco C. had severe impairments: degenerative disc disease of the lumbar spine; incipient osteoarthritis of the knees; status-post 2015 arthroscopic surgery on the left knee; bilateral carpal tunnel syndrome; status-post remote carpal tunnel release procedures; and bilateral foot pain, status-post 2015 arthroscopic right foot surgery (step two). (Id. at 24.)[7] The ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment (step three). (Id.) He then found that Francisco C. retained the residual functional capacity to perform light work, except he was unable to climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; was able to frequently balance; could frequently reach, handle, finger, and feel

---

[7] The ALJ found Plaintiff's hypertension; partial avulsion of tip of left finger, status post grafting; internal derangement of the metacarpophalangeal joint of the left thumb, status post surgery; and depressive disorder to be non-severe impairments. (Admin. R. 23-24, ECF No. 12.)

bilaterally; and would need to avoid unprotected heights, working around dangerous machinery, or walking on uneven terrain. (Id.) ALJ Delphey next determined that Plaintiff was unable to perform his past relevant work as a pipe fitter (step four). (Id. at 29.) The ALJ concluded that Plaintiff was capable of performing the requirements of the representative unskilled light occupations of bench assembler, inspector hand packager, and final inspector, as well as unskilled sedentary occupations of semiconductor loader, final assembler, and table worker (step five). (Id. at 30.) ALJ Delphey accordingly found that Francisco C. had not been under a disability from September 26, 2018, through the date of his decision. (Id.)

**B.     Plaintiff's Testimony Regarding the Severity of his Symptoms**

Plaintiff's sole contention is that the ALJ failed to articulate clear and convincing reasons to reject his pain testimony. (Pl.'s Mot. Attach. #1 Mem. P. & A. 3-8, ECF No. 14.) At his hearing, Plaintiff testified that he has carpal tunnel in both hands, for which he has had multiple surgeries, and at times he cannot move his hands and "it hurts so much that I cry." (Admin. R. 48-49, ECF No. 12.) He stated that he "drop[s] stuff out of [his] hands" and cannot squeeze a spray bottle trigger more than five times before needing to switch hands. (Id. at 62.) He testified that he cannot sit for more than ten to twenty minutes without moving around because of back pain. (Id. at 48.) He previously had surgery on his left knee and has arthritis in his right foot. (Id. at 60.) He can walk normally for a few steps but his left foot hurts after walking more than twenty to thirty steps, and he cannot climb stairs because of his knees. (Id. at 60.) He was prescribed Duloxetine and referred to a psychiatrist to address his mental health. (Id. at 50-51.) Francisco J. testified that he lived comfortably in the garage of his parents' home and spent his time cooking for his two children, ages 23 and 17, cleaning up the kitchen, and watching the news. (Id. at 46, 51, 52-53.) He was recently remarried and traveled by

trolley each weekend to Tijuana, Mexico, where his wife lives, to spend time with her. (Id. at 55-56, 58-59.)

### C. ALJ Failed to Articulate Sufficient Reasons for Rejecting Plaintiff's Subjective Symptom Testimony

Plaintiff makes one argument: the ALJ failed to articulate specific, clear, and convincing reasons to reject his testimony regarding the severity of his symptoms. (Pl.'s Mot. Attach. #1 Mem. P. & A. 3-8, ECF No. 14.) He contends that the ALJ's reliance on the medical evidence to discount Plaintiff's credibility was insufficient as a matter of law. (Id. at 6.) Plaintiff maintains that the ALJ failed to "make the necessary link between [Francisco C.'s] testimony and the evidence that rebuts that testimony." (Id. at 7.) Further, he argues that ALJ Delphey "did not point to anything other than an alleged lack of objective support to reject [Plaintiff's] testimony." (Id.)

An ALJ engages in a two-step analysis to determine the extent to which a claimant's report of symptoms must be credited. First, the ALJ must decide whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. Trevizo v. Berryhill, 871 F.3d 664, 678 (9th Cir. 2017) (citing Garrison, 759 F.3d at 1014-15); see also SSR 16-3P, 2017 WL 5180304, at *3 (Oct. 25, 2017); 20 C.F.R. § 416.929(b) (2019). In this analysis, the claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptoms alleged nor is he required to produce objective evidence of the pain or its severity. Trevizo, 871 F.3d at 678 (citing Garrison, 759 F.3d at 1014-15). Second, once an underlying physical or mental impairment that could reasonably be expected to produce an individual's symptoms is established, the ALJ evaluates the intensity and persistence of those symptoms to determine the extent to which they limit the individual's ability to perform work-related activities. SSR 16-3P, 2017 WL 5180304, at *3; 20 C.F.R. § 416.929(c). It is the

responsibility of the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.  See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014).

Under well-established case law, when the ALJ finds that a claimant "is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms [he] alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so." Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020) (citing Brown-Hunter v. Colvin, 806 F.3d 487, 488-89 (9th Cir. 2015)).  This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines that testimony." Lambert, 980 F.3d at 1277 (citing Treichler, 775 F.3d at 1102).  The clear and convincing standard is the most demanding required in Social Security cases and is not an easy requirement to meet.  Trevizo, 871 F.3d at 678 (citing Garrison, 759 F.3d at 1015).

### 1. ALJ failed to specifically identify the testimony he found not to be credible

Here, ALJ Delphey determined that Francisco C. satisfied step one of the two-step analysis.  (Admin. R. 25, ECF No. 12.)  At the second step, the ALJ stated that "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Id.)  This language, which is routinely included in ALJ decisions denying benefits, is insufficient in and of itself to meet the requirements set forth in Ninth Circuit authority to reject a plaintiff's pain testimony because it does not "identify what parts of the claimant's testimony were not credible and why."  See Lambert, 980 F.3d at 1277; Treichler, 775 F.3d at 1103.  After making this

boilerplate statement, ALJs typically identify which parts of the claimant's testimony were not credible and why. Treichler, 775 F.3d at 1103. In this case, however, the ALJ stated only that, "[t]he longitudinal record does not support a finding that the claimant's impairments are so severe as to be fully disabling[,]" (see Admin. R. 25, ECF No. 12), and then proceeded with his discussion of the medical evidence, medical opinions, and prior administrative findings, (see id. at 25-29).

"Because the grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based, the agency must explain its reasoning." Treichler, 775 F.3d at 1102 (internal citation and quotations omitted). The Court should not have to speculate as to the grounds for the ALJ's determinations. See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991). The Court has carefully reviewed the ALJ Delphey's decision and is, beyond the conclusory language cited above, unable to clearly discern any specific reasons or explanation as to why he rejected Francisco C.'s symptom testimony. As in Lambert, the Court therefore "cannot review whether the ALJ provided specific, clear, and convincing reasons for rejecting [Plaintiff's] pain testimony [because] . . . the ALJ never identified which testimony [he] found not credible, and never explained which evidence contradicted that testimony." See Lambert, 980 F.3d at 1277 (citing Brown-Hunter, 806 F.3d at 494). And although ALJ Delphey provided a relatively detailed synopsis of Francisco C.'s medical records, (see Admin. R. 25-29), "providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible." Brown-Hunter, 806 F.3d at 494.

Ninth Circuit precedent clearly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that Plaintiff's testimony was inconsistent with his medical treatment. See Lambert, 980 F.3d at 1277. The ALJ thus committed legal error by failing to specifically identify which part of Plaintiff's

testimony about the severity of his symptoms he found not credible and link that testimony to evidence that contradicted Plaintiff's testimony.

### 2. Defendant's arguments that ALJ properly articulated findings regarding Plaintiff's subjective allegations are unpersuasive

Defendant asserts that when the medical evidence in the record "actually contradicts a claimant's subjective claims (as opposed to not just supporting them)," this constitutes a valid reason to discount the subjective allegations. (Def.'s Cross-Mot. & Opp'n 6, ECF No. 15.)  She then cites ALJ Delphey's statement that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons," as the ALJ's express finding that the medical evidence affirmatively contradicted Plaintiff's testimony.  (Id., citing Admin. R. 25, ECF No. 12.)  The problem with Defendant's argument is that this cited language is, as discussed above, routinely included in ALJ decisions denying benefits and has specifically been identified by the Ninth Circuit as insufficient to reject a plaintiff's pain testimony because it does not "identify what parts of the claimant's testimony were not credible and why."  See Lambert, 980 F.3d at 1277; Treichler, 775 F.3d at 1103.  Although ALJ Delphey provided an overview of Francisco C.'s medical records after the above-cited statement, "providing a summary of medical evidence . . . is not the same as providing clear and convincing reasons for finding the claimant's symptom testimony not credible."  Brown-Hunter, 806 F.3d at 494; see also Bunnell, 947 F.2d at 346 ("[A] reviewing court should not be forced to speculate as to the grounds for an [ALJ's] rejection of a claimant's allegations of disabling pain.").  Furthermore, the majority of the findings included in ALJ Delphey's discussion of the medical evidence were objective findings, including negative straight leg raise tests, x-ray and MRI findings, and showings of full ranges of motion and strength.  (See Admin. R. 25-27, ECF No. 12; see also 20 C.F.R. §

416.929(c)(2) (defining objective medical evidence as "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption").) While an ALJ may consider whether the alleged symptoms are consistent with the medical evidence as one factor in his evaluation, the ALJ may not disregard a claimant's testimony "solely because it is not substantiated affirmatively by objective medical evidence." See Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006); see also 20 C.F.R. § 416.929(c)(2) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements.").[8]

Defendant also contends that ALJ Delphey could properly rely on the medical opinions in the record to reject Francisco C.'s pain allegations. (Def.'s Cross-Mot. & Opp'n 7, ECF No. 15.) The Commissioner's argument that four separate medical opinions, including the opinions of the orthopedic consultative examiner, Dr. Thomas Sabourin, the internal medical consultative examiner, Dr. Phong Dao, and two state agency physicians, Drs. Julie Chu and Roberta Herman, (see Admin. R. 28-29, ECF No.

---

[8] The Commissioner argues that the ALJ relied on inconsistencies between Plaintiff's statements that he used an assistive device for ambulation and medical evidence reflecting that he had normal gait and did not walk with an assistive device to discount Francisco C.'s subjective allegations. (Def.'s Opp'n & Cross-Mot. 6, ECF No. 15, citing Admin. R. 25-27, ECF No. 12.) The ALJ did not, however, specifically identify this as a reason to discount Plaintiff's subjective symptoms. Additionally, even though Plaintiff's disability forms reflect that he used a cane, (see Admin. R. 243, 267, 279, ECF No. 12), these forms were prepared by Francisco C.'s attorney, not Plaintiff himself, (see id. at 238, 266, 279). Plaintiff, when asked about using a cane at his administrative hearing, affirmatively denied using one. (See id. at 59 ("I don't use a cane but I limp.").) In other words, Plaintiff's direct testimony that he did not use a cane was not in conflict with the medical records reflecting that he did not use an assistive device. Thus, even if the ALJ had offered these inconsistencies in the record as a reason to discount Plaintiff's pain allegations, they would not constitute a clear and convincing reason absent further explanation or clarification.

12), supported the ALJ's finding that Plaintiff was capable of more than he alleged is unpersuasive because the ALJ did not specify that the medical opinion evidence constituted a basis for rejecting Francisco C.'s subjective symptom testimony.  Indeed, the ALJ is <u>required</u> to articulate how persuasive he finds each medical opinion in the record in <u>every</u> decision.  <u>See</u> 20 C.F.R. § 416.920c(b).  Thus, a statement that the claimant's symptoms are not consistent with the evidence followed by a summary of the opinion evidence supporting his residual functional capacity determination is "not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."  <u>Brown-Hunter</u>, 806 F.3d at 494.  Moreover, the Court is "constrained to review the reasons the ALJ asserts."  <u>Id.</u> at 492.  "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."  <u>Bray v. Comm'r of Soc. Sec. Admin.</u>, 554 F.3d 1219, 1225 (9th Cir. 2009).

In sum, the ALJ committed legal error by failing to provide specific, clear, and convincing reasons to reject the Plaintiff's testimony about the severity of his symptoms.

**D.     Remedy**

Plaintiff argues that the proper remedy in this case is remand for the payment of benefits or, in the alternative, remand for further proceedings.  (Pl.'s Mot. Attach. #1 Mem. P. & A. 8-9, ECF No. 14.)  The Commissioner contends that the case should be remanded for further administrative proceedings if the Court finds any grounds for overturning the agency's decision.  (Def.'s Cross-Mot. & Opp'n 8, ECF No. 15.)  The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court.  42 U.S.C. § 405(g); <u>Treichler</u>, 775 F.3d at 1099).  A remand for an immediate award of benefits is appropriate only in rare circumstances.  <u>See</u>

Brown-Hunter, 806 F.3d at 495.  "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded."  Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).  Here, although the Court finds that the ALJ committed legal error in his evaluation of Plaintiff's subjective symptom testimony, the Court is not satisfied that further administrative proceedings would serve no useful purpose.  Accordingly, remand is appropriate.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is **GRANTED**; Defendant's Cross-Motion for Summary Judgment is **DENIED**; and the case is **REMANDED** for further proceedings.

This Order concludes the litigation in this matter.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated:  March 31, 2022

_____
Hon. Ruben B. Brooks
United States Magistrate Judge